IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NINA MARIE LECOMPTE, <br><br> Defendant. | CR 18–116–BLG–SPW <br><br><br> ORDER |

On February 6, 2024, Defendant Nina Marie LeCompte filed a motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce her 94-month drug and firearm sentence. (Doc. 34; *see* Doc. 30 (Judg.).) On February 16, 2024, counsel was appointed to represent LeCompte. (Docs. 35, 36.) Appointed counsel filed an amended motion on May 5, 2024. (Doc. 40.) The government opposes. (Doc. 42.) LeCompte's release date is currently March 22, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed July 18, 2024). For the reasons stated below, her motion is denied.

1

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, LeCompte argues that her rehabilitative efforts in custody along with the length of her sentence, collectively, qualify as an extraordinary and compelling reason warranting early termination of her sentence. Because LeCompte fails to meet the standard for an extraordinary and compelling reason or show that the § 3553(a) factors support early release, her motion is denied.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). LeCompte represents that she made a request to the warden of her facility for a

sentence reduction and that the request was denied. Although she fails to submit any record evidence to support her contention, the government does not disagree. Therefore, her administrative remedies are considered exhausted.

## II.   Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including the medical conditions, age, family circumstances of the defendant or "any other circumstance or combination of circumstances that, when considered by themselves or together . . . are similar in gravity to those" enumerated reasons. USSG §1B1.13(b)(1)–(4). Another enumerated extraordinary and compelling reason exists when a defendant has been sentenced to "an unusually long sentence" and certain other factors are met. *Id.* §1B1.13(b)(6). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* §1B1.13(d).

LeCompte argues that the combination of the length of her sentence and her rehabilitation, considered together, are "grave enough" for this Court to consider them to be extraordinary and compelling. (Doc. 41 at 5.) The government disagrees and is correct. LeCompte has not demonstrated that her 94-month sentence is unusually harsh and long. And, although she has shown her rehabilitative efforts are substantial, rehabilitation is "not, by itself, an

3

extraordinary and compelling reason." *Id.* §1B1.13(d). Therefore, LeCompte has not met her threshold requirement of demonstrating she has an extraordinary and compelling reason for a reduction of her sentence.

On June 21, 2019, LeCompte was sentenced on the two counts to which she plead guilty. (Doc. 30.) On Count 1, possession with intent to distribute methamphetamine, she was sentenced to 34 months. (*Id.* at 2.) On Count 2, possession of a firearm during and in relation to a drug trafficking offense, she was sentenced to 60 months, with the terms to run consecutive. (*Id.*) When a defendant has served at least 10 years of their sentence, they may argue that a change in law renders their sentence extraordinary and compelling. USSG §1B1.13(b)(6). LeCompte argues that because she was sentenced to a mandatory consecutive term of 60 months on Count 2, added to her 34-month sentence on Count 1, her sentence is unusually long. She has served more than 75% of her sentence. However, she was only sentenced to 94 months and she has not served ten years. Additionally, LeCompte has made no legal argument as to why her sentence is unusually long. Because she has not demonstrated any independent extraordinary or compelling reason for a reduction of her sentence, her rehabilitation may not be considered as its own reason. *See id.* §1B1.13(d). Based on the foregoing, LeCompte has not established that an extraordinary and compelling reason entitles her to compassionate release.

### III. Section 3553(a) Factors

But even if LeCompte met the standard outlined above, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

LeCompte was involved in distributing drugs in the Billings area. (*See* PSR ¶¶ 6–12.) When law enforcement attempted to arrest her, LeCompte tried to evade the arresting officers both in her vehicle and then on foot before she was eventually apprehended. (*Id.* ¶ 8.) Once she was arrested, law enforcement found three firearms in her possession along with controlled substances and materials indicating she was engaging in drug dealing activity. (*Id.* ¶¶ 9–11.) Based on this

5

conduct, and a criminal history category of III, her advisory guideline range was 30 to 37 months on Count 1, but the Court was required to sentence her to a minimum of 60 months on Count 2, to be served consecutively to the custodial sentence imposed as to Count 1. Although the sentence she received was substantially higher than the advisory guideline range, the imposition of that sentence was in large part tied to a congressional mandate to that effect.

Also weighing against LeCompte's early release, in 2003, she was sentenced to 87 months custody and a three-year term of supervised release on a similar charge, conspiracy to distribute methamphetamine and distribution of methamphetamine. (*Id.* ¶ 34.) Her term of supervised release expired in April 2015. (*Id.*) The offense conduct for the instant offense occurred in July 2018, meaning that within just a few years of completing her previous, extensive federal prison time, LeCompte engaged in similar illegal conduct. This demonstrates a lack of respect for the law and weighs against releasing her early, as early release would not further the Court's responsibility to protect the public. While the Court applauds LeCompte's rehabilitative efforts and is heartened to hear her mental condition has improved, reducing LeCompte's sentence to time served would not accomplish the sentencing aims and would denigrate the seriousness of her crimes. *See* 18 U.S.C. § 3553(a).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 34, 40) is DENIED.

DATED this 19th day of July, 2024.

Susan P. Watters, District Judge
United States District Court